UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 14-1085

J.D. Isaacs

v.

Dartmouth-Hitchcock Medical Center,
Mary Hitchcock Memorial Hospital,
Dr. Christine T. Finn, and the
Trustees of Dartmouth College

_____

**MOTION TO DISMISS APPEAL**

NOW COME the appellees, the Trustees of Dartmouth College and Dr. Christine T. Finn, and respectfully seek dismissal of the current appeal as outside this Court's jurisdiction.

A.   Corporate Disclosure Statement.

Pursuant to FRAP 26.1(b), the Trustees of Dartmouth College, a body corporate and politic who have authority under the College's Charter to conduct the financial, administrative and academic affairs of Dartmouth College, hereby state that they have no parent corporation, and that there is no corporation, publicly held or otherwise, that owns any stock in the College.

B.   Introduction.

Appellant seeks review of various discovery orders. None of those orders are appealable as of right. As appellant has sought review under Federal Rule of Appellate Procedure 3, rather than seeking permission to appeal under Federal Rule of Appellate Procedure 5, his Notice of Appeal is fatally flawed. Appellant has neither followed the procedure to seek an interlocutory appeal, nor received the necessary certification from the district court to do so, and accordingly

there is no jurisdiction in this Court under either Rule. Allowing appellant to pursue his appeal would promote piecemeal litigation, would unnecessarily burden the Court system and the parties, and would not materially advance the ultimate determination of this litigation. The appeal should be dismissed.

    C.    <u>Procedural Posture</u>

Appellant seeks review of the District Court's order denying his motion "for sanctions and proposed injunctive order." Doc. 71. Despite the caption of this motion, its text demonstrates that appellant sought discovery sanctions, and not an "injunction." Indeed, appellant's request for "injunctive" relief was premised on the proposition that "[u]nder Rule 37, the Court has vast powers to issue sanctions and enforce discovery compliance." <u>Id.</u> at 11. Appellant appeals the Court's order declining to sanction all appellees, for the inadvertent destruction of his email records from Dartmouth-Hitchcock Medical Center. <u>See</u> Doc. 106 at 3-5. Given appellant's admission that the destroyed email was unlikely to contain material evidence, the Court granted him some further electronic discovery without granting him all of the relief sought. <u>Id</u>. at 5.

Specifically, all appellees were instructed to produce additional electronic discovery, and appellant was specifically informed that he could renew his request for certain discovery sanctions if that additional discovery did not provide him with the information at issue in the Motions for Sanctions. <u>Id</u>. at 5. Appellees have complied with that order, and appellant has not filed anything further on the issue in the district court. Rather than attempting to demonstrate that the additional discovery was insufficient, appellant has filed this appeal.

      D.      <u>The Partial Denial of Appellant's Discovery Motions Constituted Neither a Final Judgment Nor an Injunction</u>.

"Generally only those actions of the district court which terminate a litigation . . . or which involve the grant or denial of injunctive relief are appealable . . . as of right." <u>In re La Providencia Dev. Corp.</u>, 515 F.2d 94, 95-96 (1st Cir. 1975) (citations omitted). Where an appellant seeks relief in the Court of Appeals from any other order without first obtaining certification from the district court and then petitioning the Court of Appeals to accept a discretionary appeal, he loses "the opportunity to take an interlocutory appeal from the district court's opinion and order." <u>Id</u>. at 96.

An order is not final unless it "resol[ves] the contested matter, leaving nothing to be done except the execution of judgment." <u>In re Insurers' Syndicate for the Joint Underwriting of Medico-Hospital Prof Liab. Ins.</u>, 864 F.2d 208, 210 (1st Cir. 1988) (quoting <u>In re Reticel Foam Corp.</u> 859 F.2d 1000, 1002 (1st Cir. 1988) (further citations omitted.)" "It is apodictic that 'discovery orders, in general, are not final.'" <u>Id</u>.

The discovery order that appellant seeks to have this Court review should be treated in accordance with the general rule. The order does not terminate the case or any claims within it. It does not even entirely resolve the issues raised by appellant in the motion. Appellant was granted additional discovery and an opportunity to seek further relief if that discovery did not resolve the evidentiary issues he claimed to be experiencing as a result of his lost email account. <u>Doc</u>. 106 at 5. Where the court below expressly provided appellant another chance to revisit the discovery issues he raised, there is simply no good argument to be made that the order being appealed is "final."

Nor is there any basis for appellant to claim that the denial of his motion constituted the denial of an "injunction." Based on the caption of the motions appellant filed below,[1] he likely intends to invoke 28 U.S.C. 1292(a)(1) as the basis for jurisdiction for this appeal. That statutory section gives this Court jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving an injunction[.]" Appellant cannot confer appellate jurisdiction on this Court, however, simply by labeling the relief he sought below as a request for an injunction. See 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3922.2 (Westlaw Elec. Ed. 2013). Many litigants have sought review of interlocutory decisions by characterizing the order below as one involving an injunction. "Most of the[se] attempted appeals fail, whether the appellant follows the direct course of characterizing a procedural order as in effect an injunction *or instead follows the more devious course of framing a request for a procedural order as a request for an injunction.*" Id. (emphasis added) (citations omitted).

An order is not an "injunction," for appeal purposes, unless the relief sought would "give, or aid in giving, some or all of the substantive relief sought." Bogosian v. Woloohojian Realty Corp., 923 F.2d 898, 901 (1st Cir. 1991) (emphasis removed) (quoting International Prods. Corp. v. Koons, 325 F.2d 403, 406 (2d Cir. 1963)).

Appellant seeks damages for employment discrimination, fraud, intentional negligent infliction of emotional distress and misrepresentation in the underlying action. Appellant's Amended Complaint, Doc. 54 at p. 25. His effort to sanction appellees does not secure any of "the substantive relief [appellant] seeks in this case." Bogosian, 923 F.2d at 901. Nor would the relief sought materially advance the termination of the litigation, as appellant has, essentially, admitted. Doc. 106 at 5 ("As plaintiff candidly admitted, plaintiff is generally aware of what was in

---

[1] See Doc. 71, appellant's "Motion for Sanctions and Proposed Injunctive Order."

his Outlook account, as he previously saw the ingoing and outgoing emails of that account. Plaintiff stated that he cannot recall any "smoking gun" email evidence in his Outlook account.").

As this Court has previously noted "interruption of a long, drawn-out discovery process would carry with it too high a systemic price in terms of disruption, delay and diminished efficiency," to countenance a reading of 28 U.S.C. 1292 (a)(1) that would conflate discovery relief with injunctions. <u>Insurers' Syndicate</u>, 864 F.2d at 210. Appellant sought discovery, obtained partial relief and was given the opportunity to demonstrate an entitlement to further relief below. Doc. 106 at 4-5. There is simply no basis for him to claim that the order appealed from constituted the denial of an injunction.

Appellees take the position that the District Court's decision denying discovery sanctions was correct. Still, appellant will be afforded an opportunity to challenge that ruling – once a final judgment has issued or an order of the District Court otherwise provides the finality required for a mandatory appeal. Until that time, appellant's appeal is premature, and improperly brought.

### E.   Having Failed to Follow the Rules of Appellate Procedure, Appellant Should Lose His Ability to Seek Interlocutory Review.

There is only one proper procedure for seeking review of a discovery order of the type at issue here.[2] Appellant should have sought certification of the issue by the District Court, and the District Court could have certified, in writing, that the "order involved an issue as to which there was a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" No such finding was made, or requested. Even had it been, it would then have been incumbent on appellant to petition this Court to accept a discretionary appeal under Federal Rule of Appellate Procedure 5. Appellant's

---

[2] Excepting, of course, extraordinary writs such as Writs of Mandamus, as appellant has not raised this possibility.

Notice of Appeal plainly did not constitute such a petition. Simply put, appellant failed to follow the mandatory rules of this Court in seeking review of the District Court's order. Accordingly, his appeal should be dismissed. <u>In re La Providencia Dev. Corp.</u>, 515 F.2d at 96.

F.  <u>Conclusion</u>

Appellant seeks review of a discovery order that is not "final," nor can be considered the denial of an "injunction" under binding precedent. As the district court did not certify that the order appealed presents an appropriate opportunity for interlocutory appeal, the predicate required for a discretionary appeal is absent in the record. It follows that this Court lacks jurisdiction over appellant's appeal. The appeal must, therefore, be dismissed.

Respectfully submitted,

TRUSTEES OF DARTMOUTH COLLEGE

By their attorneys,

WADLEIGH, STARR & PETERS, P.L.L.C.

Dated:  February 5, 2014.    By /s/ Pierre A. Chabot
Kathleen C. Peahl – No. 75728
Pierre A. Chabot – No. 1143452
95 Market Street
Manchester, N.H.   03101
(603)669-4140
pchabot@wadleighlaw.com

Certificate Of Service

All counsel of record and Dr. Isaacs, pro se, have been served a copy of this Motion to Dismiss Appeal by ECF.

/s/ Pierre A. Chabot
Pierre A. Chabot

6